UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FLEISCHMAN,

        Plaintiff,

v.                              Case No. 3:10-cv-380-J-34JRK

WALTER A. MCNEIL,
et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983. Plaintiff complains about the conditions of confinement at Union Correctional Institution. On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

>which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of actions or appeals brought by Plaintiff in courts of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 5:06-cv-71-RS-EMT (Northern District of Florida, Panama City Division); (2) 5:06-cv-70-SPM-MD (Northern District of Florida, Panama City Division); and (3) 3:07-cv-344-MCR-MD (Northern District of Florida, Pensacola Division). Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury, this action will be dismissed without prejudice to the extent that Plaintiff can raise claims in compliance with the applicable statute of limitations.[1] Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

---

[1] "[A] § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations." Henyard v. Sec'y, Dep't of Corr., 543 F.3d 644, 647 (11th Cir. 2008) (citations omitted).

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of May, 2010.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 5/5
c:
James Fleischman